C. & E. I. R. R. Co. v. Stonecipher.

## Chicago & E. I. R. R. Co. v. Lucinda J. Stonecipher.

1. INSTRUCTIONS—*Measure of Proof.*—In an action against a railroad company for personal injuries an instruction to the effect that the defendant company has the right to dispute every material fact in the case and every element of damages claimed by the plaintiff, and that the fact that the company disputes such facts and introduces evidence as to the extent and character of the plaintiff's injuries is not to be regarded as an admission that it is guilty, is proper and should be given.

2. SAME—*To be Accepted by the Jury as the Law.*—An instruction to the effect that the instructions given to the jury by the court must be accepted by them as the law governing the case, and that they will not be justified in finding a verdict contrary to the law as laid down in the instructions, is proper and should be given.

3. SAME—*Duty Toward Passengers on Freight Trains.*—In an action against a railroad company for carrying a passenger on a freight train past the station of her destination, it is error, under the circumstances of this case, to refuse an instruction for the defendant, that if upon the arrival of its train at the station it stopped its caboose reasonably near such station) due regard being had to the surrounding situation and location) a sufficient length of time for such passenger to alight in safety, and she refused to alight because the train was not at the platform, they should find the issues for the defendant.

**Trespass on the Case**, for personal injuries. Appeal from the Circuit Court of Marion County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed March 16, 1900. Rehearing denied at the August term, 1900.

L. M. KAGY, attorney for appellant.

JOHN S. STONECIPHER, attorney for appellee; W. F. BUNDY and FRANK F. NOLEMAN, of counsel.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Suit by appellee to recover damages alleged to have been sustained by reason of a failure to stop a freight train, on which she was a passenger, at the platform, or at a safe place, by reason of which she was compelled to walk a half mile, whereby she was made ill, etc.

There were three counts in the declaration, but appellee relies only upon the third count, which is in substance as follows : That plaintiff, being in feeble health, bought a ticket which entitled her to a passage on defendant's railroad from Salem to the village of Kell, in company with her granddaughter, an infant of tender years; that she took passage on defendant's local south-bound freight train, which was advertised to carry passengers, and to stop at said village of Kell; that it was the duty of defendant to convey her to said village and to stop the train at the place where passengers were usually discharged from freight trains, at its station in Kell, a sufficient time to permit plaintiff, with her granddaughter, to alight in safety; yet plaintiff, negligently disregarding its duty, failed to stop its train at said village of Kell, where passengers were usually discharged from freight trains, and negligently ran its train to a point, to wit, a mile south of its station, and far removed from her destination, and thus compelled plaintiff, with her granddaughter, to alight from the train, whereby she was forced to walk to her destination, in the heat of the midday sun, by means of which she became sick, sore, lame, disordered, etc.

Appellant pleaded the general issue; judgment for appellee for $250.

At the close of plaintiff's testimony, and again at the close of all the testimony, appellant asked the court to instruct the jury to find the defendant not guilty, which the court refused to do. In this there was no error. Conceding all that the evidence for plaintiff tended to prove, and all just inferences to be drawn from it, plaintiff presented a case that *prima facie* entitled her to recover, and under such conditions a judge is not warranted in taking its consideration from the jury. Simmons v. C. & F. R. Co., 110 Ill. 340; Rack v. Ch. City Ry. Co., 173 Ill. 291.

The evidence is conflicting upon some material issues. Upon others there is no conflict.

Appellee, on the fourth of July, bought a round-trip ticket at Kell station, to Salem, on appellant's road. She

returned on the 5th of July, on a local freight train, which carried passengers in its caboose, having with her a grand-child seven years of age, taking the train at Salem about noon. When the train, having thirty-four cars, arrived at Kell station, it stopped about eighteen minutes to discharge and receive local freight, with the caboose from 200 to 450 feet (witnesses differing as to the distance) north of the depot plat-form. There is an irreconcilable conflict in the testimony as to the distance from the step of the caboose to the ground, and as to the surroundings where it stopped, and also as to whether it was the usual place where passengers on this freight train alighted from the train. Appellee started to get off the train when it stopped, but upon the suggestion of some one in the caboose that it would pull up to the plat-form, resumed her seat. After discharging and receiving local freight, the train started up and passed the depot, when, appellee calling to the brakeman, who had returned to the caboose, that she wanted to stop at Kell station, the train was stopped, with the caboose about half a mile south of the platform. After ineffectual efforts to back up to the depot, appellee was told to get off, which she did, and walked back. It is from the effects of this walk, in the hot sun, that appellee claims to have received the injuries alleged.

It appears in evidence that appellee had walked about the same distance, in the sun, to take the train at Salem, and also that, a few days after her return to Kell, she crossed the track at the place where the caboose stopped, and what-ever ditches and embankments there were there, in paying a visit to a friend. It also appears in evidence that a simi-lar notice to the following was posted in both Kell and Salem stations prior to the 4th of July:

### NOTICE TO PASSENGERS.

Passengers are reminded that freight trains are run with regard to the conduct of freight traffic, and not for the transportation of passengers. As an accommodation, passen-gers provided with tickets will be allowed to take passage on certain freight trains, but, as it is not always practicable to stop them at station platforms, passengers must board

and leave such trains at their own risk of injury, at whatever location the train may have occasion to stop.

E. P. BROUGHTON, Gen. Sup't.

C. L. STONE, Gen. Pass. Agent.

CHICAGO, July 1, 1898.

In a close case like this, the jury should be accurately instructed, and fully instructed if requested by either party.

We find no substantial error in the instructions given for appellee. The court refused several instructions by appellant which were not embraced in those given, and which were pertinent.

The tenth refused instruction was in substance to the effect that the defendant had the right to dispute every material fact in the case, and every element of damages claimed by plaintiff, and the fact that defendant had disputed and introduced evidence as to the extent and character of plaintiff's injuries was not to be regarded as an admission that it was guilty.

This states the law correctly and should have been given.

"12. The instructions given to the jury by the court, must be accepted by them as the law governing the case; the jury will not be justified in finding a verdict contrary to the law as laid down in the instructions.

"13. The court instructs the jury that if you believe from the evidence, the defendant in this case, while the plaintiff was a passenger on its freight train, on the day named in the declaration, on the arrival of its freight train at the station of Kell, stopped its caboose reasonably near the platform at said station of Kell, due regard being had to the surrounding situation and location, and stopped a sufficient length of time for the plaintiff to alight in safety in said village of Kell, and if you further believe from the evidence that the plaintiff refused to alight and depart from said car because said car had not reached the depot platform, then you should find the issues for the defendant."

We see no reasons why these two instructions should not have been given. In reference to the last instruction cited it is conceded by appellee that passengers on freight trains can not insist upon being landed at a platform if it is the custom of such freight trains to land them at a safe place reasonably near and convenient to the station. The testi-

mony of appellee shows that she started to get off the train when it first stopped and remained for eighteen minutes, but resumed her seat upon being told by some one, she don't know who, that it would pull up to the platform. Under the conflict of testimony as to the character of the landing where the caboose first stopped, and its distance from the platform, if the expectation that it would be pulled up to the platform was the only reason that she did not get off there, and if the landing there was reasonably safe and convenient and was the place where passengers from said freight train going south usually landed, then her reason for not getting off was not a sufficient reason, and if in consequence she was carried past the depot, and landed a half mile from it, that fact alone does not entitle her to recover damages.

For the refusal of these instructions, judgment is reversed and the cause remanded.